(Lucas County Court of Common Pleas.)

THE STATE OF OHIO v. ALONZO BENNETT.

---

*Murder—First degree—Jury recommending defendant to mercy—Application of new law to that effect—*

---

PRATT, J.:

Gentlemen of the Jury:—

The defendant, Alonzo Bennett, is on trial upon an indictment in due form of law found and returned by the grand jury of Lucas county, Ohio, charging him with the crime of murder in the first degree. This indictment charges that on the thirteenth day of December, eighteen hundred and ninety-seven, at said county and state, said defendant Alonzo Bennett, unlawfully, purposely and of deliberate and premeditated malice, made an assault, in a menacing manner, upon one Martha J. Bennett, and with the intention unlawfully, purposely and of deliberate and premeditated malice to kill and murder said Martha J. Bennett, and that he, the said Alonzo Bennett, did then and there unlawfully, purposely and of deliberate and premeditated malice and with the intent aforesaid, cast, throw and push the said Martha J. Bennett into the Miami & Erie Canal, in said county, in which there was then and there a large quantity of water, by which said Martha J. Bennett, was then and there choked, suffocated and drowned, and of which she then and there instantly died. And the said indictment alleges that the said Alonzo Bennett, did then and there in that manner and by those means, unlawfully, purposely, and of deliberate and premeditated malice, kill and murder the said Martha J. Bennett.

The defendant Alonzo Bennett, has been, in due form of law, arraigned and required to plead to this indictment, and has plead thereto "Not Guilty." He has thereby put in issue each and every matter alleged in said indictment which is essential to constitute the crime of which he so stands charged.

Under the laws of the state of Ohio, there are three grades or degrees of homicide: First, murder in the first degree; second, murder in the second degree; third, manslaughter.

Whoever purposely and of deliberate and premeditated malice kills another, is guilty of murder in the first degree.

Whoever purposely and maliciously, but without deliberation or premeditation, kills another, is guilty of murder in the second degree.

Whoever unlawfully kills another in such manner or under such circumstances as not to constitute either murder in the first degree, or murder in the second degree, is guilty of manslaughter.

The charge here made in this indictment against the defendant Alonzo Bennett, of murder in the first degree, includes within itself the lesser offense of murder in the second degree and also the lesser offense of manslaughter. Therefore, the defendant, if not convicted of the crime of murder in the first degree, under this indictment, may, if the evidence shall warrant it, be acquitted of murder in the first degree and convicted of murder in the second degree, or he may, in like manner, be acquitted of murder in the first degree and also of murder in the second degree, and if the evidence shall warrant it, be convicted of the lesser offense of manslaughter. The charge of murder in the first degree as made in this indictment, is also broad enough to include the lesser offense of assault and battery. To unlawfully assault and strike or wound another, in a menacing manner, is to commit an assault and battery. Therefore, the de-

fendant under this indictment, if the evidence shall warrant it, might be acquitted of all the other charges which I have named and be convicted of assault and battery only.

If the evidence before the jury shall not, when considered by you, under and in accordance with the rules of law which I will give you, warrant a verdict against the defendant Alonzo Bennett, for either murder in the first degree, murder in the second degree, manslaughter, or assault and battery, as I have defined them, then he should be acquitted of any offense.

The law presumes every man innocent of crime, and this presumption abides with him for his protection during the whole trial and until by due course of law he has been proven guilty of the offense for which he is then on trial, and with which he has been in due form of law charged, by evidence showing his guilt beyond a reasonable doubt; and in order for you to find this defendant guilty of either the charge of murder in the first degree, or in the second degree, or of manslaughter, or of assault and battery, you must find that every essential element of the offense of which you so find him guilty, has been proved to your satisfaction beyond a reasonable doubt, by the evidence introduced and which I have allowed to be given before you in this trial. To warrant a conviction for either of these offenses, the evidence must be such as to exclude every reasonable hypothesis but that of the defendant's guilt; as I have said, it must satisfy you of his guilt beyond a reasonable doubt; and in order that you may have before you clearly what is meant, in law, by the term "reasonable doubt" and what is meant by that term whenever I use it in the course of these instructions, I will before going further, define a reasonable doubt.

What is a reasonable doubt?

A verdict of guilty can never be returned without convincing evidence. The law is too humane to demand a conviction while a rational doubt remains in the minds of a jury. You will be justified, and are required to consider a reasonable doubt as existing, if the material facts, without which guilt can not be established, may fairly be reconciled with innocence. In human affairs absolute certainty is not always attainable. From the nature of things reasonable certainty is all that can be attained on many subjects. When a full and candid consideration of the evidence produces a conviction of guilt, and satisfies the mind to a reasonable certainty, a mere captious or ingenious artificial doubt is of no avail. You will look, then, to all the evidence, and if that satisfies you of the defendant's guilt, you must say so. If you are not fully satisfied, but find only that there are strong prob-

abilities of guilt, your only safe course is to acquit.

The proof of a charge made in a criminal case involves two distinct propositions: First, that the act charged was done. Second, that it was done by the person charged. In order to convict, both these propositions must be established by evidence beyond a reasonable doubt. Either of them may be proven by direct testimony, or by circumstantial evidence. Direct testimony is the positive statement, under oath, of a fact, by a credible eye-witness. Circumstantial evidence is the positive proof of circumstances which necessarily or usually attend such facts. In order to convict, in a criminal case, upon circumstantial evidence, each of the several circumstances relied upon to prove any essential element of the crime must be given by direct testimony beyond a reasonable doubt: each, when all are taken together, must be consistent with all the others, and not inconsistent with any other established fact, and all taken together must point surely and unerringly to the guilt of the defendant, and must be inconsistent with any other rational supposition than that the defendant is guilty of the offense charged.

In this case you are to inquire and determine, upon the evidence and under these rules which I give you:

1. Whether the crime here charged was committed as alleged?

2. If so committed, was it committed as alleged by this defendant, Alonzo Bennett?

If the prosecution here has failed to establish by the evidence before you, either of these propositions to your satisfaction beyond a reasonable doubt, the defendant cannot be convicted. Was the deceased, Martha J. Bennett, assaulted, as charged. Was she pushed, cast or thrown into the water in the canal, and was she drowned by the water into which she was so thrown, cast or pushed; Or did she, by some accident, fall into the said water, or by her own voluntary act did she throw or cast herself into said water? Did she fall into the said water without any fault of any other person and without expectation on her part that she was to so fall: was it, in other words, a mere casualty resulting in her falling into the water and by which she was drowned? If so, it would be an accident. The term "suicide" is the same as that of "dying by one's own hand." Did said Martha J. Bennett, voluntarily, or of her own free will and purpose, throw or cast herself into the water with the intent by so doing to kill herself by drowning? Was it her own act that caused her death? If so, it would be suicide or self-destruction, and in case her death resulted from accident, or from suicide, no criminal act was committed by any one.

The burden of proof is upon the state to sustain the proposition that the criminal act charged was committed by some person other than said Martha J. Bennett, as charged, by evidence that shall satisfy you of that fact beyond a reasonable doubt. The state must so prove that Martha J. Bennett came to her death in the manner charged by the unlawful act of another person. The true cause of her death must be clearly established. The possibility of reasonably accounting for the fact of her death by suicide, by accident, or by any natural cause, must be excluded by the circumstances proven, and it is only when no other hypothesis will explain all the conditions of the case and account for all the facts, that it can safely and justly be concluded that it was caused by intentional injury. If, however, upon all the evidence before you, full and fairly considered, under the rules which I give you, you find that the crime here charged was committed as charged, by the unlawful act of some person other than said Martha J. Bennett, then the next question for your determination will be: Is the defendant, Alonzo Bennett, the person who committed the offense charged? And in order to enable you to decide and determine whether this defendant is, or is not guilty, as charged in the indictment, I will now state to you the essential elements of each of the several offenses of which I have already advised you, the defendant may, if the evidence shall warrant it, be convicted under this indictment.

First:—Murder in the first degree. In order to convict the defendant, Alonzo Bennett, of murder in the first degree, as charged in this indictment, you must be satisfied from the evidence beyond a reasonable doubt, that on or about the thirteenth day of December, eighteen hundred and ninety-seven, in the county of Lucas and state of Ohio, said defendant did, purposely and with deliberate and premeditated malice, push, cast or throw said Martha J. Bennett into the said Miami & Erie Canal in said county, and did thereby, then and there kill the said Martha J. Bennett by causing her to be drowned in the water then and there in said canal. If you so find the death of said Martha J. Bennett was then and there caused by drowning in the water so in said canal into which she was pushed, cast or thrown by the defendant then you will inquire whether he so purposely killed her. The purpose and intent to kill is an essential element of the crime of murder in the first degree. It is not sufficient to show an intent on his part to frighten or merely injure, or to produce any other result than her death, and the specific intent to kill must be shown. This is an invisible operation of the mind and is to be determined from the nature of the acts done by him and all the surrounding circumstances and conditions under which the same were done. The law presumes that every sane person intends to do that which is the natural and probable consequence of his voluntary acts. If one voluntarily does an act which has the direct tendency to destroy another's life, the natural conclusion is, that he intended to destroy the life of such person. If the defendant here voluntarily and purposely pushed, or threw, or cast the said Martha J. Bennett into the said canal, and there was then and there in said canal such a quantity or depth of water that the natural and probable result of his so doing would be to destroy her life by drowning, then the intention to kill her by drowning might reasonably be inferred, if it appear that he voluntarily and purposely did such an act. But it is for you, upon the evidence and from all the facts and circmstances proven before you, to determine whether the intent of the defendant, Alonzo Bennett, to kill the said Martha J. Bennett, as charged, may be fairly and reasonably inferred from all the facts proven. If you fail to find, beyond a reasonable doubt, upon all the evidence, and under the rules of law given you, that the defendant threw, pushed or cast said Martha J. Bennett into the water in said canal with the intent to kill her, you can not find the defendant guilty of murder in the first degree.

If, however, you find that she was so killed by the defendant, and that the killing was intentionally and purposely done, you will next inquire whether it was maliciously done: for to convict of murder in the first degree, the killing must not only be purposely and intentionally, but must also be maliciously done.

Malice, in a legal sense, means a motive or purpose from which flows the act injurious to another person, and done intentionally and without lawful excuse. Hatred, ill-will, hostility towards another, disposition or purpose to injure, may be shown by declarations or actions of the person committing the act. Malice also may be inferred from the fact of the killing, if it be done intentionally and purposely and without justification or excuse.

In this case, in order to determine whether the defendant—if you find that he intentionally and purposely killed Martha J. Bennett, in the manner and by the means charged—did so maliciously, you will consider the relations of the defendant to, and the state of his feelings towards said Martha J. Bennett, prior to and at the time of the said killing, together with the circumstances attending and motives for such act, and from all the circumstances as to such relations, feelings and motives as shown by

the evidence before you, determine whether such killing was malicious.

To convict of murder in the first degree, it must also be shown that the defendant deliberated upon and premeditated the act of killing. If the defendant had actually formed the purpose maliciously to kill and deliberated and premeditated thereon, before he performed the act, the law fixes no length of time for the duration of such deliberation and premeditation: yet, it must appear that sufficient time for such deliberation and premeditation was had before the act of killing was by him done.

If, after a full and careful consideration of all the evidence before you, considered under the definitions and rules which I have stated, you are satisfied beyond a reasonable doubt, that on or about the time stated in the indictment, and in the county of Lucas and state of Ohio, the defendant purposely and with deliberate and premeditated malice, pushed, threw or cast said Martha J. Bennett into said canal and thereby, then and there caused her death by drowning her in the water in said canal, you will render a verdict against the defendant of guilty of murder in the first degree, as charged in the indictment.

If, however, you are not, after such consideration, so satisfied, you will then consider and determine whether the defendant is guilty of murder in the second degree. To convict the defendant of murder in the second degree, you must be satisfied from the evidence before you, beyond a reasonable doubt, that at or about the time and at the place stated in the indictment, the defendant purposely, intentionally and maliciously pushed, threw or cast said Martha J. Bennett, into said canal, where she was then killed by being drowned in the water in said canal.

To constitute the crime of murder in the second degree, the intent to kill and the malice are essential ingredients, but deliberation and premeditation are not essential. All that I have said in reference to murder in the first degree—except what has been said in reference to deliberation and premeditation—applies to the charge of murder in the second degree, and, with that exception, you will, if you come to the consideration of the question whether the defendant is guilty of the charge of murder in the second degree, apply to such charge, all that I have said in reference to the charge of murder in the first degree, the same as though I had repeated it here in full; and if, upon a full and fair consideration of all the evidence, you fail to find the defendant guilty of murder in the first degree, but are satisfied from the evidence, beyond a reasonable doubt, that at or about the date named, and at the place named in the indictment, the defendant purposely and maliciously

COPYRIGHT, 1898, BY CARL G. JAHN.

killed the said Martha J. Bennett, in the manner charged in said indictment, you will render a verdict that the defendant is not guilty of murder in the first degree, but that he is guilty of murder in the second degree.

If you are not so satisfied beyond a reasonable doubt, then you will consider and determine whether the defendant is guilty of manslaughter. To convict the defendant of manslaughter, you must be satisfied from the evidence beyond a reasonable doubt, that at or about the time named in the indictment, at the county of Lucas and state of Ohio, the defendant unlawfully threw, pushed or cast the said Martha J. Bennett, into said canal and that she was thereby killed by being drowned in the water then and there, in said canal.

To constitute manslaughter, a purpose to kill is not essential, and malice is not essential. It is sufficient if the killing is unlawful; and any taking of human life, unless it is required or justified by law, or is excusable, is unlawful. Thus, if while one is engaged in the performance of an unlawful act, he unintentionally kills another he is guilty of manslaughter. So, if one unlawfully and intentionally kills another, but without malice upon a sudden heat of passion, he is guilty of manslaughter. Where one unlawfully assaults another, and death results, although not intended. the assailant is guilty of manslaughter, because the killing is done by him while engaged in the commission of an unlawful act. So, also it is manslaughter, and manslaughter only, although an intent may be present, if, in case of a sudden quarrel, or by reason of any other excitement or impulse, without premeditation or malice, a sudden and unexpected conflict is precipitated, which alone prompts the assailant to commit the deed. The inquiry then is, did the defendant unlawfully kill the deceased, whether intentionally or unintentionally and without malice? If the killing was intentional and with deliberate and premeditated malice, it was murder in the first degree. If it was intentional and malicious, it was murder in the second degree. If it was unlawful, or without lawful excuse, but unintentional, or intentional without malice, it was manslaughter.

If in this case the defendant and Martha J. Bennett, at the time and place alleged in the indictment, became engaged in an altercation with the defendant, and the defendant unlawfully, but in the heat of sudden passion and without lawful excuse, assaulted said Martha J. Bennett, and in the making of such an assault and without lawful excuse for making the same, pushed, threw or cast her into said canal, and she was killed by being drowned by the water then and there in said canal, then he would be guilty of manslaughter, although there was no

intention to kill her. But if his said act was not done intentionally, or while he was in the commission of an unlawful act, or, if it was done with lawful excuse on his part, then it was no crime whatever. If the deceased then and there assaulted the defendant and he, in his own defense, and if while using no more force on his part than was necessary for such defense of himself, and without any culpable negligence on his part, or reckless disregard by him of her safety she was accidentally cast, or thrown, or fell into the water in said canal, and there was no purpose or design on his part that such result should follow, then you cannot convict the defendant of any crime.

If, under these rules and upon the evidence, you do not find him guilty of murder either in the first or second degree, but do find him guilty of manslaughter, you will return your verdict accordingly.

If you fail to find him guilty of either of the grades of homicide as I have stated them, you may then consider and determine whether he is guilty of an unlawful assault. If she was killed by being drowned in the water of the canal, as the result of an unlawful assault made by him on her, he cannot be convicted of assault and battery only—he could only be convicted of assault and battery in case you should find from the evidence, beyond a reasonable doubt, that he unlawfully assaulted her in the manner alleged in the indictment and failed to find that she was killed by being drowned in the water of said canal, as in the indictment alleged.

Evidence has been introduced on behalf of the defendant for the purpose of showing that, at and prior to the time when he is charged with having committed this offense his character for peaceable, and quiet and orderly conduct, was good. That evidence is proper and relevant, and should be considered by you in connection with all the other evidence in the case in determining whether or not the defendant is guilty of the offense charged, or any offense included within the charge. Evidence of good character is also admissible to aid the jury in ascertaining the grade of the crime, where the crime consists, as in this case, of various grades. Its weight is not confined to doubtful cases; it may of itself create a doubt. The degree of its force is to be determined by the attending circumstances and not by the grade of the offense charged. The reasonable effect of proof of good character is to raise a presumption that the accused was not likely to have committed the crime charged. The force of that presumption depends upon the strength of the opposing evidence to produce conviction of the truth of the charge. If the evidence establishing the charges of

such a character is not upon principles of reason and good sense, to be overcome by the fact of good character, then the evidence of good character will be unavailing. Good character is no excuse for crime, but it is a fact bearing on the question of the defendant's guilt, which you will consider as you do all the other facts of the case, and give to it such weight as in your judgment, under all the circumstances, it is properly entitled to. If, after considering all the evidence, including the evidence as to good character, you entertain a reasonable doubt as to the defendant's guilt, then you must give him the benefit of that doubt, and say by your verdict that he is not guilty; but if after considering all the evidence, including the evidence as to good character, you are satisfied beyond a reasonable dout that the defendant is guilty, then it is your duty by your verdict, to say that he is guilty, notwithstanding the evidence as to good character.

Counsel for defendant have requested me to give you the following and I do accordingly give them to you as a part of this charge:

1. The letter signed by "John and Mary Smith," the contents of which has been testified to by the witness, Cora Abrams, was only admissible in evidence to test the memory of the witness, and unless you find that the defendant wrote, or dictated, or in some way authorized that letter, you will not consider it as evidence in the case.

2. The contents of the letter which the testimony tends to show that the decedent, Martha J. Bennett, received at Findlay, on the 11th, and took in her possession when she left the house of Mrs. Blake, on the afternoon of the 13th, is only competent to identify that letter as a paper in the possession of Mrs. Bennett which afterwards appears to have been in the possession of defendant. The contents of that letter is not important and will not be considered by you, unless you find that the defendant, Bennett, wrote that letter, or in some way was the author of it. Any other thing, whether it be an article or a written document, is only important to show that it was in her possession and that it afterwards came into the possession of defendant, and neither the contents of such article or such letter, is important except to identify it and in no ways competent to prove the facts contained in it.

3. During the closing argument of the prosecuting attorney in this case, objections were raised to statements made by him concerning want of testimony and calling attention to the jury how easy it would be to call witnesses to explain the scratch on the hand of defendant. The court now charges you that it was the right of defendant to go on the witness

stand and testify in his own behalf; it was just as sacred a right for him not to testify, and if he does not testify there shall be no mention made of that fact on the trial of the case by the counsel upon either side: and I charge you now, to not consider in your deliberations as a circumstance in the case, the fact that he did not go upon the witness stand to testify.''

In considering the evidence, you are the sole judges of the credibility of the witnesses. This applies to each and every witness in the case. In determining the degree of credit to be given to the witnesses and to each of them, you will consider who the witnesses are, their relations to the case, if any; their interest in the case, if they have any; their candor or want of candor in testifying; the opportunities which they had for observing, hearing or knowing what they claimed they saw or heard; the reasonableness or unreasonableness of their statements the extent to which they are corroborated or contradicted, and all the circumstances under which their testimony was given. You will apply to the testimony your reason and judgment as intelligent, fair-minded men, and all the tests which your experience and good sense may suggest for the purpose of ascertaining the truth.

You will not permit your minds to be influenced by any considerations which are not warranted by the evidence, or which do not necessarily enter into the question of the guilt or innocence of the defendant. The solemn duty rests upon you and each and every one of you, to consider the evidence carefully and dispassionately under the rules which the court has given you, and declare by your verdict the truth—whether or not the defendant is guilty—without regard to any consequences that may result from your verdict to the defendant or to the state, or to any one else; and by so doing, and only by so doing, you will discharge the duty imposed upon you by the oath which you have taken as jurors to "well and truly try and true deliverance make between the state of Ohio and the prisoner at the bar."

If you are satisfied beyond a reasonable doubt, from a full and fair consideration of all the evidence before you, under the rules of law given you, that the defendant purposely and of deliberate and premeditated malice, killed Martha J. Bennett, in the manner charged in the indictment, you will render a verdict of guilty of murder in the first degree, as charged in the indictment.

By a recent amendment of the section of the statutes of this state, defining and providing for the punishment of the crime of murder in the first degree, the jury trying the accused may recommend him to mercy, and that in such case the punishment, instead of being by death, shall be by imprisonment in the peniten-

tiary during life; with the further provision, however, that no person convicted of murder in the first degree shall be recommended for pardon by the board of pardons, or for parole by the board of managers of the penitentiary, except upon proof of innocence established beyond a reasonable doubt. This provision of the statute as so amended, is now in force and applies to this case and in case you find the defendant guilty of murder in the first degree, you will then determine whether you will so recommend the defendant to mercy, and if you so determine you will so say by your verdict. If you are so satisfied and do not find the defendant guilty of murder in the first degree, but are satisfied beyond a reasonable doubt that the defendant purposely and maliciously killed the said Martha J. Bennett, in the manner charged in the indictment, you will render a verdict of guilty in the second degree. If you are not so satisfied that the defendant purposely and maliciously killed the said Martha J. Bennett, as charged in the indictment, but are satisfied, beyond a reasonable doubt that the defendant unlawfully killed her, in the manner charged; you will render a verdict of guilty of manslaughter. If you are not so satisfied that the defendant is guilty of either murder in the first degree, or murder in the second degree, or of manslaughter, but are satisfied beyond a reasonable doubt, that the defendant unlawfully inflicted personal violence upon the deceased as alleged, and are not satisfied beyond a reasonable doubt, that the defendant unlawfully inflicted personal violence upon the deceased as alleged, and are not satisfied beyond a reasonable doubt that such violence resulted in her death, in the manner alleged, you will render a verdict of guilty of assault and battery only.

If you are not satisfied beyond a reasonable doubt, that the defendant committed either of these offenses, you will then say by your verdict that the defendant is not guilty. You will be furnished with six blank verdicts: One, a verdict of guilty of murder in the first degree; another, a verdict of guilty of murder in the first degree with a recommendation to mercy; another, a verdict of guilty of murder in the second degree; another, a verdict of guilty of manslaughter; another, a verdict of guilty of assault and battery; and another, a verdict of not guilty. When you have agreed upon your verdict, your foreman will sign the verdict upon which you so agree and you will then return it to the court. Defendant by his counsel requested the court to give to the jury in charge the following request:

4. "The fact of an indictment being found against the defendant must not be considered by you and must not in any manner prejudice or influence your judgment; and, further, the mind of each juror must be convinced beyond a reasonable doubt of the guilt of defendant.

Said request was given to the jury, whereupon the jury retired.